UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SELECT SPECIALTY HOSPITAL – BLOOMINGTON, INC., *et al.*, and <br><br> SELECT SPECIALTY HOSPITAL – AUGUSTA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KATHLEEN SEBELIUS, *Secretary, U.S. Dep't of Health and Human Services* <br><br> Defendant. | Civil Case No. 09-2008 (RJL), <br><br> consolidated with <br><br> Civil Case No. 09-2362 (RJL) |

MEMORANDUM OPINION
September 19, 2012 [Dkt. ##38, 39][1]

Plaintiffs Select Specialty Hospital Bloomington, *et al.* and Select Specialty Hospital Augusta, *et al.* (collectively, "plaintiffs"), brought this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, against Health and Human Services ("HHS") Secretary Kathleen Sebelius ("defendant" or the "Secretary"), challenging the Provider Review and Reimbursement Board's (the "Board") determination that plaintiffs were not "new hospital[s]" under 42 C.F.R. § 412.300(b). On March 31, 2011, this Court denied plaintiffs' motion for summary judgment and granted, in part, and denied, in part, defendant's cross-motion for summary judgment.

---

[1] All docket references herein are to the docket in lead Civil Case No. 09-2008. The respective docket numbers for the pending motions in Civil Case No. 09-2362 are numbers 41 and 44.

The Court held that the Board's interpretation was reasonable and supported by substantial evidence. Mem. Op. [Dkt. #24] at 12-23. However, finding insufficient facts in the record to determine whether the Board intended to treat plaintiffs Select Specialty-South Dallas, Inc. ("South Dallas") and Victoria Healthcare, Inc. ("Victoria")—the freestanding hospitals—as "new hospitals," the Court remanded the issue to the Secretary for further explanation.[2] Mem. Op. at 5 & n.6, 22; Order, May 10, 2011, [Dkt. #26] at 3. In a decision issued October 11, 2011, the Secretary determined that the freestanding hospitals were not, in fact, new hospitals under the regulation, Supplemental Administrative Record ("SAR") [Dkt. #36-1] at 1448, and plaintiffs thereafter filed the instant supplemental motion for summary judgment, challenging the Secretary's decision under the APA. Thus, before the Court are plaintiffs' Supplemental Motion for Summary Judgment ("Pls.' Supp. Mot.") [Dkt. #38] and defendant's Cross-Motion for Summary Judgment ("Def.'s Mot.") [Dkt. #39]. Upon review of the parties' renewed pleadings, relevant law, and the entire record herein, plaintiffs' motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Under Medicare's statutory and regulatory scheme, "new hospital[s]" are reimbursed for capital-related costs at eighty-five percent of their "reasonable costs." 67 Fed. Reg. 49,982-01, 50,101 (Aug. 1 2002) (final rule); see also 42 U.S.C. § 1395x(v)

---

[2] Plaintiffs appealed the Court's decision, but our Circuit Court dismissed the appeal for lack of jurisdiction. See Select Specialty Hosp. – Augusta, Inc., et al. v. Sebelius, No. 11-5129, Order (D.C. Cir. Sept. 16, 2011) (per curiam) [Dkt. #1330086].

("The reasonable cost of any services shall be the cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services . . . ."); 42 C.F.R. § 413.130(a)-(h) (defining "capital-related costs"). Under 42 C.F.R. § 412.300(b), a new hospital is a "hospital that has operated (under previous or present ownership) for less than 2 years," and specifically excludes

> (1) a hospital that builds new or replacement facilities at the same or another location even if coincidental with a change of ownership, a change in management, or a lease arrangement; (2) a hospital that closes and subsequently reopens; (3) a hospital that has been in operation for more than 2 years but has participated in the Medicare program for less than 2 years; [or] (4) a hospital that changes its status from a hospital that is excluded from the prospective payment systems to a hospital that is subject to the capital prospective payment systems.

42 C.F.R. § 412.300(b)(1)-(4). The rule was designed to assist hospitals "without a historic asset base," SAR at 1449 (quoting 57 Fed. Reg. 23,618, 23,649 (June 4, 1992)), "cover the start-up costs associated with their entry into the Medicare program," Compl. [Dkt. #1] ¶ 34 (citing 67 Fed. Reg. at 50,101).

Plaintiffs South Dallas and Victoria are freestanding hospitals; that is, they are not located in the same building as another hospital and therefore are not hospitals-within-hospitals. Mem. Op. at 5 n.6; 42 C.F.R. § 412.22(e). South Dallas began operating in August 2002 at a site that, from August 1994 to February 2000, was operated as a medical facility. SAR at 1462. "[B]etween 2000 and 2002, there was no medical facility or hospital at that site." *Id.* Victoria began operating in 2003 at a facility site that, from October 1982 to September 1993, was used "as a going medical concern," but, between

3

1993 and Victoria's establishment, the facility was "used for non-medical" purposes. *Id.* The freestanding hospitals redesigned and reconstructed the facilities, and plaintiffs sought reimbursement of these start-up expenses for South Dallas and Victoria as capital-related costs for new hospitals. *See* Compl. ¶¶ 43, 53-54, 57, 69-70. The Board determined that plaintiffs' hospitals were not new hospitals, specifically noting that "[t]he intent of the regulations is to prohibit the cost of reimbursement treatment under the exemption for hospitals' facility costs that have been reimbursed in *the* pr[e]ceding two years." Mem. Op. at 22 (citation omitted). Because it was unclear whether the Board intended to apply this temporal limitation, thereby treating the freestanding hospitals as "new hospitals," the Court remanded to the Secretary for further explanation. *Id.*; Order, May 11, 2011 [Dkt. #29]. On remand, the Secretary determined that these two freestanding hospitals did not qualify as new hospitals, SAR at 1448, and plaintiffs are now challenging that decision as arbitrary and capricious, *see* Pls.' Supp. Mot.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the evidence in the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding a motion for summary judgment in a case involving a review of final agency action, "the Court's role is limited to reviewing the administrative record." *Air Transport Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 719 F. Supp. 2d 26, 32 (D.D.C. 2010) (citations

omitted). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Stuttering Found. of Am. v. Springer,* 498 F. Supp. 2d 203, 207 (D.D.C. 2007) (quoting *Occidental Eng'g Co. v. INS,* 753 F.2d 766, 769-70 (9th Cir. 1985)); *see also* Fed. R. Civ. P. 56(a).

Under the APA, final agency action may be found unlawful if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency action is arbitrary only if it is "not rational and based on consideration of the relevant factors." *FCC v. Nat'l Citizens Comm. for Broad.,* 436 U.S. 775, 803 (1978). Final agency action is also unlawful if it is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(E). But agency action is "unsupported by substantial evidence" only when it lacks what "a reasonable mind might accept as adequate to support a conclusion." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 619-20 (1966) (internal citation and quotations omitted).

Indeed, the Court's review of final action affords "substantial deference" to an agency's interpretation of its own regulations. *Abington Crest Nursing & Rehab. Ctr. v. Leavitt,* 541 F. Supp. 2d 99, 104 (D.D.C. 2008). Ultimately, this amounts to something "more deferential . . . than that afforded under *Chevron*[*, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984)]." *Wyo. Outdoor Council v. U.S. Forest Serv.,* 165 F.3d 43, 52 (D.C. Cir. 1999). As a result, the "agency's interpretation [receives] 'controlling weight unless it is plainly erroneous or inconsistent with the

regulation.'" *Abington*, 541 F. Supp. 2d at 104-05 (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)).

Unfortunately for plaintiffs, in light of this deferential standard and the facts in the record, this Court must DENY plaintiffs' Supplemental Motion for Summary Judgment, and, for the following reasons, will GRANT defendant's Cross-Motion for Summary Judgment.

## ANALYSIS

This Court has already determined that the regulation is ambiguous, Mem. Op. at 13-15; thus, the Court's only role is to determine if the Secretary's interpretation was reasonable. *See Wyo. Outdoor Council*, 165 F.3d at 52 ("So long as an agency's interpretation of ambiguous regulatory language is reasonable, it should be given effect.") (internal citation omitted).

Relying on "the plain reading of the regulation," the Secretary found that the freestanding hospitals did "not qualify as [] 'new hospital[s]'" because (1) the freestanding hospitals had "both occupied buildings which had previously operated as hospitals for longer than two years"; (2) "the regulation d[id] not require that the two years of operation under present and prior ownership . . . occur immediately preceding the start-up cost reporting period"; and (3) "requiring the 'two years' to occur 'immediately preceding' would conflict with the purpose of the new hospital exemption and produce illogical results." SAR at 1448. The Secretary acknowledged that the Board's previous use of the "phrase 'the pr[e]ceding two years' . . . was an inadvertent

error on part of the Board," which was "not intend[ed] to add any additional requirements to the plain reading of the regulation at 42 C.F.R. § 412.300(b)." *Id.* at 1450 n.7. Notably, the regulation does not even include the contested phrase. *See* 42 C.F.R. § 412.300(b).

Plaintiffs contend that although the Secretary originally "concluded that the term 'hospital' includes both the physical facility and the operation of the facility," Pls.' Reply in Supp. of Pls.' Supp. Mot. ("Pls.' Reply") [Dkt. #43] at 4 (quoting Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. ("Def.'s Mem.") [Dkt. #39] at 7), she now, for purposes of deciding the freestanding hospital issue, "considers . . . only the physical structure of the building in which the hospital occupies," *id.* According to plaintiffs, "[t]his [new] application of the term 'hospital' is . . . unreasonable" because it "ignores the plain meaning of the regulation" and the Secretary's original interpretation, Pls.' Reply at 2, and leads to "illogical results," *id.* at 7; *see also id.* at 4-10. Unfortunately for plaintiffs, I find no divergence between these interpretations. The Secretary's analysis in both decisions reflects that a hospital, under the regulation, is comprised of both an operating entity and a physical facility. *See* Mem. Op. at 16-17 & n.19; SAR at 1448. Specifically, the Secretary's most recent decision required an "inquiry into whether either the operating institution or the physical facility has previously operated for a period of two years." Def.'s Reply to Pls.' Opp'n to Def.'s Mot. [Dkt. #46] at 5. The freestanding hospitals' physical facilities had operated as hospitals for more than two years, SAR at 1448, and "[t]he fact that there was a time gap between the operation of the previous

hospitals . . . and the subsequent start-up of the two free-standing [hospitals] at issue here d[id] not change the fact that the 'hospital asset' in use by these Providers is a 'hospital asset' which was previously used for more than two years," *id.* at 1450.

Plaintiffs additionally argue that the Secretary's interpretation contradicts the statutory intent, Pls.' Reply at 10, leading to "absurd results," Pls.' Supp. Mot. at 11, and that, because the freestanding hospitals "meet . . . the spirit of the regulation," they should be deemed new hospitals, Pls.' Mem. in Supp. of Pls.' Supp. Mot. ("Pls.' Mem.") [Dkt. #41] at 9. I disagree. The Secretary directly addressed the purpose of the regulation, which is "to protect hospitals . . . without a historic asset base and need special consideration for their original plant and equipment costs during their initial years of operation," SAR at 1448 (quoting 57 Fed. Reg. 23618, 23649 (Jun. 4, 1992)), and found the freestanding hospitals to be outside this purpose because they operate out of "existing facilities." SAR at 1449.³ In fact, the Secretary stated that, in light of this purpose, plaintiffs' interpretation would lead to "illogical results." SAR at 1448.

Thus, because the freestanding hospitals were not without a historic asset base and "were not 'operating' under previous or present ownership for less than two years," they were not eligible for reimbursement as "new hospital[s]." *Id.* at 1449-50. Finding the Secretary's interpretation neither "plainly erroneous" nor "inconsistent with the regulation," I conclude that the Secretary's interpretation is reasonable.

---

³ Plaintiffs attempt to reargue that, unless an exception applies, the free-standing hospitals must be considered "new hospitals," Pls.' Supp. Mot. at 7-9, but this Court has already stated that "the four exceptions [do not] represent the entire universe of what may be excluded from the definition of 'new hospital.'" Mem. Op. at 15.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' Supplemental Motion for Summary Judgment [Dkt. #38] and GRANTS defendant's Cross-Motion for Summary Judgment [Dkt. #39]. The Court further DISMISSES this action in its entirety. An order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge